UNITED STATES SUPERIOR COURT OF THE STATE OF

MASSACHUSETTS

REV.DENINAH GOODWIN, et. al.          Cause No._____

(plaintiffs)                          Jury Demand

V.

DOREL JUVENILE CORPORATION.
(a Massachusetts Corporation )

,
WALMART CORPORATION,
THE CONSUMER PRODUCT SAFETY
COMMISSION ( in official capacity )
X, Y, and Z Liability Corporation,
( Defendants )

## PLAINTIFFS' COMPLAINT

Plaintiff (s) file this complaint and will show as follows:

### PARTY ( IES )

1.Plaintiff, is Minor deceased (three -month old infant), herein, referred to ( CJW), who died b y suffocation, when (4 in One Dream Sleeper ) Crib's Locking system malfunctioned, causing the crib, to collapse, on infant, While sleeping, in crib, allowing him, to be wedged, in between separate Portions, causing suffocation, with whole folding inward, and collapsing.

( against three defendants, as crib, had been previously recalled, per the Consumer Product Safety Commission, and ordered to, or per Dorel Juvenile Corporation, on A Voluntary Basis, removing the Infant Product, from all their sheloves, where, their major customers Were, Wal-Mart Corporation, Toys - R- Us, and Cosco's, ( which is Owned by The Parent Company, Dorel Juvenile Corporation ), which Has Offices, and Distributor, in more than 30 Countries). This infant CJW, perished, within a couple of hours, at the age,of (three -months), The infant, resided, in Dallas, Texas, with his mother, grandmother, And 13 Year older brother,

2. **Christenina Webb**- The Mother of CJW, who per the receipt, of less than $300,000, a less than 6 figure Amount, and the threat, of receiving, no damages, and the promise, to remove the product, from retail shelves, Upon, the finding, of agreement signed under duress, as Mother, was Not there, did sign, a non- disclosure statement, referencing, Dorel Juvenile Corporation, but petitions the Court, referencing Criminal Charges against Dorel Juvenile Corporation, as Department of Justice

Complain ,has been filed, The Walmart Corporation, where the Defective product , was purchased from. The Consumer Product Safety Commission, for failure to properly insure that this defective Product Was removed, until it's dangers, to American's Most Vulnerable Citizens, Our infant Children, are safe, in lieu, discarding, discretionary monies To hide, the truth, from the American Public, and the aftermath that this Type of loss creates, for surviving families.Therefore, the defendants Are Walmart Corporation, Safety 1st, and Consumer Product Safety Commission, ( In Official Capacity ), and unknown Liability Carriers.

3. **Minor Son-** and Elder Brother, of Deceased Infant, CJW, who ,too, Per the discovery, of plaintiff , Maternal Grandmother, who was Disallowed from legal proceedings, even in Federal Proceedings In Courthouse, with shared Custody, of Minor Grandson, whose Name, is signed, on every Tuition, and Lease, of Grandson, for Whom, defendant, Dorel Juvenile paid ' $ five-figure, less than $30,000  bystander claim, as the only credant witness, to The position, in which, the infant, was left. This therefore,

Unless, this Superior Court, overrides, that agreement

Made under duress, without, the consult, of his maternal

Grandmother, and legal counsel's refusal, to allow

Or that Legal Counsel chose, the Ad Litem Counselor,

Includes defendants, Walmart Corporation, Safety

First, The Consumer Product Safety Corporation, and

Any additional X, Y, and Z Liability Corporations,

4. Rev. Deninah Goodwin- the Maternal Grandmother, of

Of plaintiff, CJW, the victim's, then Minor Grandson,

And Mother of only child, Ms.C. Webb, with whom

They were, as Rev, Goodwin , was recovering, from

Left Total Hip Replacement, and was in a rehab facility,

Rev. Goodwin, is additionally, a Retired Kindergarten

Teacher, Sr. Pastor,Civil Rights Activist, and Former

Louisiana State Representative, Grieving Grandmother,

And is Legally Disabled, per The Social Security Administration

**DEFENDANTS**

**Dorel Juvenile Corporation-,** A Massachusetts Corporation with its' home office located at 25 Forbes Blvd., Ste. 4, Foxboro, Massachusetts 02035.

**Walmart Corporation,** 702 S.W. 8th Street, Bentonville, Arkansas, 72716, Through their Counsel n0of Record Attorney Derek Scott.

**The Consumer Product Safety Corporation** ( In Official Capacity ) Through Attorney Jana Fong Swamidoss- As Chief Counsel to the Commissioner . It is the prayer, of the plaintiffs, that per, the Inconsistent Ability For the Commission, to enforce, *the Federal Deceptive Trade Act*, And other groups, have stepped in to Enforce Safety Regulations, For Infant, and Child Safety, as ' The American Academy of Pediatrics', So the plaintiffs, ask, the CPSC, to enforce safety regulations, And not resort, to intimidation, by the reporting, of dangerous, And deceptive Infant Furniture, by involving retired law Enforcement, to intimidate plaintiffs, amidst, an already Horrific Grieving Process, when an infant, is injured, and/or Killed.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. & 1332 (a)  because this

Untimely, and horrific demise is between Citizens and Businesses, of Different states, with Dorel Juvenile Corporation, doing business, and It's products, being sold, in more than 30 Countries, throughout the World. In addition, the acts, committed by these defendants, are both Criminal And Civil , in that denied, the deceased infant, the Basic Constitutional Right to Life, and failed to enforce, both Federal and State Laws, Referencing Reasonal Standards, of Safety, and then used, the Federal Government's Own arm, of Investigation, to delay, and/or Cancel, a fair, impartial, and truly corrective measures, to circumvent Any other child, from being injured, and/or killed. Defective construction Of this same crib, had already, been reported, to the Federal Trade Commission, whereupon, parents, and/or those affected , were advised, To return' The 4 in1', Dream Sleeper, for metal kits, to prevent The collapse, of the crib, and/or total refunds. The plaintiffs were , and remain, in a Psychological and are denied, the very Presence, of watching, this young child, to grow, flourish, and To bring Joy, to his family, as Attorneys, Law Enforcement, And Courts, all seemed to reflect Blame, on everyone, but

The Corporation, who designed this, and other Infant Defective Products, *( see car seats, and drop cribs, etc. )* while other family Members, put their request in, for loan request, before there was Ever any and all litigation. This family has been threatened and/or intimidated by Law enforcement, attorneys, and even Judges. As this plaintiff's history, has been that in the pursuit of Justice, For the Least, the Last, and the Left out, inclusive are all Defendants, with the Stipulation, that Criminal Charges be filed Against Corporations, who have attempted to Circumvent Justice, with intimidating tactics, by the use of the Law, both Civil and Criminal. The mere fact, that retailers, gave recalled Deadly cribs, to Children's Protective Service Agencies, is but One regard, to a discounting, of he Lives, of the Poor. Various Complaints, were filed, through Various Hotlines, On a Continuous Basis, through The Justice Department , Department, through it's D.C. Office, Consumer Product Safety Commission, and Prayer for Interventions, in an

Assortment of Court Rooms, and Consumer Agencies.

This infant, would be three years, of age now, but instead

His family, resorts, through Holidays, to a Cold Stone of

Cement, where carved away, from a Distant Highway,

Of heavy traffic, is a ' Designated Baby Section', of cold

Cemetery, in Sunnyvale, Texas. Per the Federal Statute

For qualifying stipulations, the amounts qualifying, for

This Superior Court, is a Stipulation, of more than $75,000 ,

With a Statute of Limitations being , 3 Years to date. This venue

Is Proper, in the Standard, of Minimum Contacts Constititutional

Law, in the traditional Concept of Fair Play, and Substantial Justice,

As the defendant's conduct maintain's a Consistent Forum of Continuous

Substantial and Systematic Jurisdiction, as the Corporate Headquarters

Of giving rise to substantial Justice.

    Furthermore, Dorel Juvenile Corporation, and the other Defendants

Are involved in, and were involved, and should have known the extreme

risk, of harm, and probability of magnitude of the potential harm, simply by

it's composition, and light weight, and construction, of less than 7lbs., to

hold a healthy infant, and/or additional grooming products, clothing, and/or toys, without a risk, of injury, or death.

Dorel Juvenile Furniture, and the other Defendants, by and through Phone logs, simplistic Construction, and Methods, utilized, and/or not Utilized through their employees, and /or agents, had actual subjective Awareness of the risk to this and other infants, but proceeded with Steadfast indifference to the rights, safety, or welfare, of the most Vulnerable victims, an infant child.

## CAUSATION OF CLAIM

The cause of claim made by the plaintiffs, in Dorel Juvenile Corporation Product is :

A.  The Sweet Wonder Play Yard's design defect as created that way, and is intrinsically dangerous, thus causing the death, of the infant,

B.  The defendants, both individually, and collectively, not only had a Duty to warn, parents, family members, and consumers, but after Several phone logs, relative, to malfunctioning locks, and its' Innate design, to collapse, should have not only more forcefully

Warn, but to remove, from all of it's three major retailers,

Including, the one purchased,

C. The Defendants, insufficiently labeled, or inadequate warnings,

And instructions, accompanying the crib that may have

Constituted a marketing defect,

The injury and death of the infant in this Federal Venue in

Massachusetts, allow the plaintiffs, to recover damages, and criminally

Charged.

The defendants are guilty of causation, of death and suffering,

per these three categories :

1.Strict Liability

2.Negligence

And finally,

3.Breach of Warranty

While Dorel Juvenile Corporation clearly made the Product, and they

Maintain, that any settlement, no matter, how large or small, the retailer

Walmart, continued to sell the product, with Model # PY330BPR, Sweet

Wonder Play Yard Serial Number 8 8439258768. As the Manufacturer made the defective product, the major Retailers, one of which, the plaintiffs', not only routinely sells this product, but because, Walmart routinely sells this product, strict Liability Laws are applicable, in this litigation.

The plaintiffs asserts the following defect in the following making Of this crib :

1. It's design,

2. It's Manufacturing,

3. It's Marketing, and

4. It's Handling,

The defect caused the plaintiff's injury, and/ or death, while it was being used, as it was intended to be used, The product had not only not been substantially changed from it's original Condition, but previously recalled actions, were provocation, for total Redesign, and removal from the Consumer Public's Purchase. The Massachusetts Consumer Protection Act, prohibits, the Sale of A Product, as Trustworthy, as Deceptive Trade Acts, Entrusted By Parents, and/or Family, or Friends, to awaken to a deceased Healthy infant.

## DAMAGES

As a result of the allegations complained in the above, the plaintiffs, Individually, and/or collectively, ask for damages, totaling an unspecified Dollar amount, more than Six- Figures, complete removal of Product From the Consumer Shelves, Criminal Charges, to be filed against Dorel's Corporate Executives, and Complete Change, of the Civil and Criminal Prosecution, of The Consumer Product Safety Commission, Clear and Concise Directions, for Assembly of Baby Furniture, and Public Disclosure at Obstetrics and Gynecological Offices, within 10 Years, of Baby Furniture Recalls, and Federal Laws So named CJ's Law, to Circumvent Political Candidates, receipt of Campaign Contributions, over $10,000. And payment for Grief Counseling, for any Family, that has lost a child, to malfunctioning Infant Furniture, and the Removal of Any and all threats made by Law Enforcement Officers, and/or Officers of the Federal and State Courts, without 'Due Process of the Courts', without a threat or Witholding, of an Award of Damages, if Parents, Siblings, and/or

Attorneys of Representation refuse, to accept, any and all offers

Of damage awards. The plaintiffs, are pro se, in this matter, but

Pray, for assignment of counsel, thank you.

Respectfully, Submitted by,

/s/ Rev. Deninah Goodwin
/s/ Christenina Webb
/ sc/o / Infant, Deceased
sc/o / Minor Son
Rev. Deninah Goodwin
Christenina Webb
Deceased Infant
Minor Son
P.O. Box 180384
Dallas, Texas 75218
revdeninahgoodwin0304@gmail.com
504-516-1272